UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY R. JUBACK,

    Plaintiff,

-vs-                                                               Case No. 8:08-cv-768-T-24TBM

RADIOSHACK CORPORATION,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's motion for taxation of costs (Doc. 26). Plaintiff has filed no response in opposition, nor has he filed a motion to review the claimed costs, and the time for such filing has expired.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs shall be allowed as a matter of course to a prevailing party unless the Court directs otherwise. On May 6, 2009, the Court granted summary judgment in favor of Defendant. (Doc. 24.) As the prevailing party in this action, Defendant is thus entitled to recover its costs. *See Head v. Medford*, 62 F.3d 351, 354-55 (11th Cir. 1995). While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has specifically provided for the imposition of costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Title 28 U.S.C. § 1920 enumerates expenses that a federal court may tax.

Defendant seeks to tax costs for two deposition transcripts, at $869.10 and $761.00, respectively; for making copies associated with the pleadings and depositions filed, at a sum of $68.30; and for serving subpoenas on third parties to obtain documents used in Defendant's

summary judgment motion, amounting to $138.10. Thus, the total cost Defendant seeks to tax is $1,836.50.

Prevailing parties are entitled to reimbursement for all costs incident to a deposition that were reasonably necessary in preparation for litigation, including the costs of the court reporter's attendance, original transcript, and one copy. 28 U.S.C. § 1920 (2); *see also Faucette v. National Hockey League*, 2006 U.S. Dist. LEXIS 49645, *5 (M.D. Fla. July 19, 2006). A prevailing party may also recover the cost of copies necessary for litigation. 28 U.S.C. § 1920 (4). The cost of serving subpoenas may also be taxed. *United States EEOC v. W&O, Inc.*, 213 f.3d 600, 624 (11th Cir. 2000); *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 n. 2 (11th Cir. 1985).

Because all of the costs listed by Defendant are taxable and Plaintiff has made no objection to the costs claimed, the Court GRANTS Defendant's motion in full.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion for the taxation of costs is GRANTED. Defendant is directed to execute and file with the Court the Bill of Costs form,[1] on or before June 5, 2009, which thereafter will be executed by the Clerk.

DONE AND ORDERED this 27th day of May, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

---

[1] The form can be found on the Middle District's website at:
http://www.flmd.uscourts.gov/Forms/Civil/AO_133-1108-BillOfCosts.pdf